139 A.3d 1188

IN THE MATTER OF JAE HOON PARK, AN ATTORNEY
AT LAW (ATTORNEY NO. 053121996).

July 22, 2016.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 15–218, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **JAE HOON PARK of EDISON,** who was admitted to the bar of this State in 1997, should be suspended from the practice of law for a period of three months based on respondent's guilty plea to third-degree aggravated assault, in violation of *N.J.S.A.* 2C:12–1(b)(7), conduct in violation of *RPC* 8.4(b)(commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having further concluded that prior to reinstatement to the practice of law, respondent should be required to submit proof of his fitness to practice and that after reinstatement to practice, respondent should be required to submit to the Office of Attorney Ethics quarterly reports documenting his continued psychological and substance abuse counseling for a period of two years;

And good cause appearing;

It is ORDERED that **JAE HOON PARK** is suspended from the practice of law for a period of three months, effective August 22, 2016, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall submit to the Office of Attorney Ethics quarterly reports documenting his continued psychological and substance abuse counseling on a schedule to be approved by the Office of Attorney Ethics, for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.